1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 MAHADI SOLAN, | NO. EDCV 13-01779 SS |
| 12          Petitioner, | **MEMORANDUM AND ORDER DENYING** |
| | **PETITION FOR LACK OF** |
| 13      v. | **JURISDICTION** |
| 14 KEVIN CHAPPELL, Warden, | |
| 15          Respondent. | |

16

17

18

19

20

21

22

23

24

25

26   \\

27   \\

28   \\

# I.

## INTRODUCTION

On September 19, 2013,[1] Mahadi Solan ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (Pet. at 19). Petitioner challenges his December 1997 conviction and sentence on one count of first degree burglary in violation of Cal. Penal Code ("Penal Code") § 460(a).[2] On September 24, 2013, Petitioner consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636.[3]

---

[1]   Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the court may have received the pleading. Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule as the date the Petition was signed, September 19, 2013. (Pet. at 19) (The Court refers to the pages of the Petition as if they were consecutively paginated).

[2]   As discussed below, Petitioner was convicted and sentenced on four counts of first degree burglary in two separate cases (Riverside County Superior Court case numbers INF 27418 and INF 27716) that were subsequently consolidated before the California Court of Appeal. Petitioner challenged all of these judgments in previous federal habeas petitions; however, the instant Petition challenges only his conviction and sentence on one count of first degree burglary from case number INF 27418. (See Pet. at 2).

[3]   Consent is the "touchstone of magistrate jurisdiction[,]" Anderson v. Woodcreek Venture Ltd., 351 F.3d 911, 914 (9th Cir. 2003), and "[u]pon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Where, as here, the petitioner or plaintiff consents to magistrate judge jurisdiction and the respondent or defendant has neither received service of process nor appeared in

2

the action, a magistrate judge may properly exercise consent jurisdiction over the case. A defendant or respondent who does not receive service or make an appearance in a proceeding is not a "party" to that case. See Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."); see also Cardenas v. Vail, 2010 WL 1537545, at *1 (W.D. Wash. March 5, 2010) ("A defendant who has not appeared in an action and has not been personally served is not a party to the action and the court does not have personal jurisdiction over that defendant.") (citing Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)). Because § 636(c)(1) requires the consent only of the "parties" in a case, the "lack of written consent from [defendants who have not been served cannot] deprive [a] magistrate judge of jurisdiction" even if the sole consenting "party" is the plaintiff or petitioner. Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge retained consent jurisdiction over and properly dismissed pro se prisoner's 42 U.S.C. § 1983 claims where plaintiff consented, but the unserved defendants did not). Indeed, numerous federal courts recognize that a lack of non-party consent cannot destroy a magistrate judge's § 636(c)(1) jurisdiction. See, e.g., Williams v. Gen. Elec. Capital Auto Lease, Inc., 159 F.3d 266, 269 (7th Cir. 1998) (holding that unnamed class members are not "parties" and, as such, cannot "deprive [a] magistrate judge of jurisdiction" by withholding their consent); United States v. Real Property, 135 F.3d 1312, 1316-17 (9th Cir. 1998) (holding that where magistrate judge entered default judgment against record owner's interest in property in an in rem forfeiture action, "it [was] unnecessary to obtain [the record owner's] consent" because he failed to establish standing as a "party to the action"); Brown v. Boca, 2013 WL 502252, at *1 n. 2 (C.D. Cal. Feb. 8, 2013) (dismissing state prisoner's federal habeas petitions before respondent filed an answer where petitioner consented to magistrate judge's jurisdiction and respondent "ha[d] not yet been served with the Petition and therefore [wa]s not a party to this proceeding."); Third World Media, LLC v. Doe, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011) ("The court does not require the consent of the defendants to dismiss an action when the defendants have not been served and therefore are not parties under 28 U.S.C. § 636(c)."); Kukiela v. LMA Prof'l Recovery Group, 2011 U.S. Dist. LEXIS 85417, at *1 n.1 (D. Ariz. Aug. 1, 2011) ("Plaintiff consented to proceed before a United States Magistrate Judge for all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. §636(c)(1) . . . . Because Defendant did not appear and establish

3

1   (Dkt. No. 3).   On November 6, 2013, the Court issued an Order To

2   Show Cause Why This Action Should Not Be Dismissed As Successive

3   (the "Order to Show Cause" or "OSC").   However, as of the date of

4   this Memorandum and Order, Petitioner has not filed a response to

5   the OSC or any other document in this action.   Accordingly, for

6   the reasons discussed below, the Petition is DENIED for lack of

7   jurisdiction and Judgment is entered dismissing this action

8   without prejudice.

9   \\

10  \\

11  \\

12  \\

13  \\

14  \\

15  \\

16  \\

17  \\

18  \\

19  

20  its standing as a party in this action, the Magistrate Judge has
    jurisdiction to enter the requested default judgment."); Williams

21  v. Ahlin, 2011 WL 1549306, at * 6-7 (E.D. Cal. April 21, 2011)
    (holding that magistrate judge had jurisdiction to enter final

22  order against habeas petitioner who signed and filed a consent
    form despite "the absence of consent from the named respondent,

23  who has not appeared in this action."); Quigley v. Geithner, 2010
    WL 3613901, at *1 (D. Idaho Sept. 8, 2010) (dismissing complaint

24  where "[p]laintiff, the only party appearing in this case, has
    consented to the jurisdiction of a United States Magistrate Judge

25  to enter final orders in this case."); Ornelas v. De Frantz, 2000
    WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (dismissing pro se

26  plaintiff's § 1983 claim and noting "[t]he court does not require

27  the consent of defendants in order to dismiss this action because
    defendants have not been served, and, as a result, are not

28  parties under the meaning of 28 U.S.C. § 636(c).").

4

1

**II.**

2

**PRIOR PROCEEDINGS[4]**

3

4        After a bench trial in Riverside County Superior Court, case

5   number INF 27418, Petitioner was convicted and sentenced on three

6   counts of first degree burglary in violation of Penal Code § 459

7   and one count of receiving stolen property in violation of Penal

8   Code § 496.  (See <u>Mahadi Solan v. Silvia Garcia</u>, EDCV 00-00566 RT

9   (BQR), Final Report and Recommendation ("2001 R&R"), Dkt. No. 14

10  at 3).  The Court also found true that Petitioner had three prior

11  convictions pursuant to California's Three Strikes Law, Penal

12  Code §§ 667(c), 667 (e)(2), 667.5(b), and sentenced Petitioner to

13  seventy-eight years to life imprisonment.  (See id.).  In a

14  separate trial in Riverside County Superior Court, case number

15  INF 27716, Petitioner was found guilty on one additional count of

16  first degree burglary.  Again, the Court found true that

17  Petitioner had three prior strikes, and Petitioner was sentenced

18  to forty years to life in state prison.  (See id. at 3-4).

19  \\

20  \\

21  \\

22  _____

23  [4]    The Court takes judicial notice of the federal habeas
petitions Petitioner filed in the Central District in 2000 and
24  2006, case numbers EDCV 00-00566 RT (BQR), EDCV 00-00724 VAP
(BQR), EDCV 00-00725 VAP (BQR), EDCV 00-00726 VAP (BQR), EDCV 00-
25  00727 VAP (BQR), EDCV 00-00728 VAP (BQR), EDCV 06-00049 MMM (SS),
EDCV 06-00264 MMM (SS), EDCV 06-00267 MMM (SS) and EDCV 06-00268
26  MMM (SS).  See, e.g. <u>Briggs v. Terhune</u>, 334 F.3d 910, 915 n.3
(9th Cir. 2003) (materials from a proceeding in another tribunal
27  are appropriate for judicial notice) (citation omitted); <u>United
States ex rel. Robinson Rancheria Citizens Council v. Borneo,</u>
28  <u>Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992).

1    The two cases were then consolidated for appeal in the California

2    Court of Appeal, and on December 9, 1998, the court modified

3    Petitioner's sentence but otherwise affirmed the trial court's

4    judgments. (See id. at 4).

5

6        On September 30, 1999, Petitioner filed a habeas petition in

7    the California Supreme Court claiming ineffective assistance of

8    appellate counsel on direct review, which the supreme court

9    denied on January 25, 2000.[5] (See id.).

10

11       Between July 10, 2000 and September 7, 2000, Petitioner

12   filed six habeas petitions in this Court, case numbers EDCV 00-

13   00566 RT (BQR), EDCV 00-00724 VAP (BQR), EDCV 00-00725 VAP (BQR),

14   EDCV 00-00726 VAP (BQR), EDCV 00-00727 VAP (BQR) and EDCV 00-

15   00728 VAP (BQR). (See id. at 3-4). On January 18, 2001, the six

16   petitions were consolidated, (see id., Minute Order, Dkt. No.

17   11), and on April 23, 2001, the Magistrate Judge issued a Final

18   Report and Recommendation denying Petitioner habeas relief. (See

19   id., 2001 R&R). That same day, the District Judge adopted the

20   Report and Recommendation and entered judgment dismissing

21   Petitioner's claims. (Id., Dkt. Nos. 15&16). On May 29, 2001

22   the District Judge denied Petitioner's request for a certificate

23   _____

24   [5]   Since 2003, Petitioner has filed numerous state habeas
     petitions in California's Court of Appeal and Supreme Court
25   challenging his burglary convictions, which have all been
     resolved against him. (See California Appellate Courts Case
26   Information Website, Case Nos. S208160, S208164, S208165,
     S208166, S208167, S206709, S200542, E033606, E033647 , E033648,
27   E033649, E033650, E044773, E044774, E044775, E044776, E044777,
     E048859, E048861, E048863, E048864, E048860, E055349 and
28   E057316).

6

of appealability.  (Id., Dkt. No. 17).  Petitioner then requested a certificate of appealability from the Ninth Circuit, and, on September 28, 2001, the court of appeals deemed Petitioner's request withdrawn and denied it as moot.  (Mahadi Solan v. Silvia Garcia, EDCV 00-00274 RT (BQR), Dkt. No. 28).

Over four years later, Petitioner filed four separate habeas petitions in the Central District between January 17, 2006 and March 9, 2006, case numbers EDCV 06-00049 MMM (SS), EDCV 06-00264 MMM (SS), EDCV 06-00267 MMM (SS) and EDCV 06-00268 MMM (SS). Each petition attacked the same convictions and sentences that Petitioner challenged in his earlier federal petitions.  (See Mahadi Solan v. Giurbino, Warden, EDCV 06-00049 MMM (SS), Order Summarily Dismissing Petitions for Lack of Jurisdiction ("Dismissal Order"), Dkt. No. 7 at 4).  The four petitions were consolidated on March 10, 2006, (see id., Order of Consolidation, Dkt. No. 6), and on March 15, 2006, the Court deemed the petitions successive and dismissed them for lack of jurisdiction. (See Dismissal Order).  Petitioner did not seek a certificate of appealability from the Ninth Circuit.  More than seven years later, Plaintiff filed the instant Petition on September 19, 2013.

\\

\\

\\

\\

\\

\\

1
2
3

**III.**

**PETITIONER'S CLAIMS**

4     Petitioner raises four grounds for federal habeas relief.
5 (See Pet. at 5-10). However, the gravamen of each claim is
6 essentially the same, i.e., that Petitioner was convicted and
7 sentenced absent sufficient evidence that he committed the
8 "entry" element of first degree burglary.[6]  In Ground 1,
9 Petitioner contends that his "alleged entry into said inhabited
10 dwelling house was never shown by Deputy Sheriff nor established
11 by Prosecution of any reasonable proof[.]"  (Pet. at 5).  In
12 Ground 2, Petitioner alleges that the deputy sheriff "falsely
13 imprisoned [him] without shown [sic] reasonable proof of
14 Petitioner's entry[.]"  (Id.).  In Ground 3, Petitioner claims
15 that the trial judge improperly found that Petitioner "entered"
16 an inhabited dwelling.  (Id. at 10).  Finally, in Ground 4,
17 Petitioner argues that based on Grounds 1 through 3, he is being
18 unlawfully imprisoned by the warden of the prison in which he is
19 currently incarcerated.  (Id.)

20

21     Because each ground attacks the sufficiency of the evidence
22 that Petitioner committed the "entry" element of first degree
23 burglary, the Court treats the Petition as though it sets forth a
24 single basis for habeas relief.

25

---

26 [6]  "The elements of first degree burglary in California are (1)
27 entry into a structure currently being used for dwelling purposes
and (2) with the intent to commit a theft or felony." People v.
28 Sample, 200 Cal. App. 4th 1253, 1261, 133 Cal. Rptr. 3d 421
(2011).

8

**V.**

**DISCUSSION**

**A.    The Petition Is Successive And Must Be Dismissed For Lack Of
       Jurisdiction**

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") applies to the instant Petition because it was filed
after AEDPA's effective date of April 24, 1996. <u>Lindh v. Murphy</u>,
521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).
AEDPA operates as a "gatekeeping mechanism" that generally
requires the dismissal of claims presented in successive habeas
petitions. <u>Beltran v. Dexter</u>, 568 F. Supp. 2d 1099, 1104 (C.D.
Cal. 2008); <u>see also Woods v. Carey</u>, 525 F.3d 886, 888 (9th Cir.
2008) (citing 28 U.S.C. § 2244(b)(3)). Where a prisoner "asserts
a claim that he has already presented in a previous federal
habeas petition, the claim must be dismissed in all cases."
<u>Tyler v. Cain</u>, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d
632 (2001) (citations omitted). If a prisoner asserts a claim in
a successive petition that he did not previously present, the
claim must still be dismissed unless (1) it is predicated on
newly discovered facts that call into question the accuracy of a
guilty verdict, or (2) it relies on a new rule of constitutional
law. <u>Id.</u> (citing 28 U.S.C. §2244(b)(2)).

Although AEDPA does not define the terms "second or
successive," the Supreme Court and the Ninth Circuit (as well as
other circuit courts) have "interpreted the concept incorporated

9

in this term of art as derivative of the 'abuse of the writ' doctrine developed in pre-AEDPA cases." Allen v. Ornoski, 435 F.3d 946, 956 (9th Cir. 2006) (internal quotations omitted). Accordingly, a habeas petition is second or successive "if it raises claims that were or could have been adjudicated on the merits[]" in a previously filed petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). A petition is also successive if it challenges the same custody imposed by the same state court judgment that an earlier federal petition attacked. See Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

Here, the instant Petition is clearly successive because (1) Petitioner could have raised his insufficiency of the evidence claim in his 2000 and 2006 federal petitions, and (2) his previous petitions attacked, inter alia, the first degree burglary conviction and sentence at issue here. First, in his earlier federal petitions, Petitioner claimed that he was entitled to habeas relief because his appellate counsel failed to advance an insufficiency of the evidence challenge to his burglary convictions. (See Mahadi Solan v. Giurbino, Warden, EDCV 06-00049 MMM (SS), Order Summarily Dismissing Petitions for Lack of Jurisdiction ("Order Dismissing"), Dkt. No. 7 at 4-5; Mahadi Solan v. Sylvia Garcia, EDCV 00-00566 RT (BQR), 2001 R&R at 11-13). Accordingly, Petitioner was aware of the factual predicate to his instant insufficiency of the evidence claim when he filed his previous federal petitions in this Court. Thus, the instant Petition is successive. See, e.g., Cooper v. Calderon,

10

1   274 F.3d 1270, 1273 (9th Cir. 2001) (petition was successive

2   where petitioner "was aware of the factual predicate of []his

3   claim long ago and could have raised the claim in his first

4   petition").

5

6       Second, even if Petitioner was unaware of the facts

7   underlying his current insufficiency of the evidence claim in

8   2000 and 2006, the instant Petition challenges the same custody

9   imposed by the same state court judgment that Petitioner has

10  twice-before attacked in this Court.   Although the instant

11  Petition challenges only Petitioner's conviction and sentence on

12  one count of first degree burglary, Petitioner attacked this

13  judgment – as well as the three other first degree burglary

14  judgments against him – in his prior federal petitions.   (See

15  Mahadi Solan v. Giurbino, Warden, EDCV 06-00049 MMM (SS), Order

16  Dismissing at 2-6; Mahadi Solan v. Sylvia Garcia, EDCV 00-00566

17  RT (BQR), 2001 R&R at 3, 9-13).   The instant Petition is

18  therefore successive.   See, e.g., Burton, 549 U.S. at 153;

19  McNabb, 576 F.3d at 1029.

20

21      Because the instant Petition is successive, the Court lacks

22  jurisdiction to consider its merits absent permission from the

23  Ninth Circuit.   See 28 U.S.C. § 2244(b)(3)(A) ("Before a second

24  or successive application permitted by this section is filed in

25  the district court, the applicant shall move in the appropriate

26  court of appeals for an order authorizing the district court to

27  consider the application."); Cooper, 274 F.3d at 1274 (when AEDPA

28  "is in play, the district court may not, in the absence of proper

1    authorization from the court of appeals, consider a second or

2    successive habeas application").    Indeed, even if Petitioner

3    could demonstrate that his claim qualifies as an exception to

4    AEDPA's bar on claims appearing in successive petitions, see 28

5    U.S.C. § 2244(b)(2), he would have to seek and obtain

6    authorization from the Ninth Circuit before this Court could

7    adjudicate the instant Petition.    See Woods, 525 F.3d at 888.

8    The docket indicates that Petitioner has not, despite the Court's

9    warning in the OSC, requested or received permission from the

10   Ninth Circuit to file this Petition.    This action must therefore

11   be dismissed for lack of jurisdiction without prejudice to its

12   refilling when Petitioner obtains the requisite authorization. [7]

13

---

14   [7]    Were it not successive, the instant Petition would be barred
     as untimely.   See 28 U.S.C. § 2244(d)(1)(A).   Direct review of
15   Petitioner's conviction ended on June 16, 2003, (Pet. at 3), and
     his case became "final" for AEDPA purposes on September 14, 2003.
16   See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding
     that the period of direct review for the purposes of AEDPA's
17   limitations period "includes the period within which a petitioner
     can file a petition for writ of certiorari from the United States
18   Supreme Court."); Sup. Ct. R. 13 (allowing a petition for a writ
     of certiorari seeking review of a state court of last resort to
19   be filed within 90 days after entry of judgment).   The statute of
     limitations began to run the next day and expired one year later,
20   on September 15, 2004.   Therefore, absent tolling, the instant
     Petition is untimely by nine years and four days.
21
22        Petitioner is not entitled to statutory tolling, see
23   Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)
     ("[S]ection 2244(d) does not permit the reinitiation of the
24   limitations period that has ended before the state petition was
     filed[]"), and he has made no showing of an entitlement to
25   equitable tolling.   See Miranda v. Castro, 292 F.3d 1063, 1065
     (9th Cir. 2002) (holding that habeas petitioners have the burden
26   of proof to show equitable tolling).   Furthermore, Petitioner has
     not offered the Court "new reliable evidence – whether it be
27   exculpatory scientific evidence, trustworthy eyewitness accounts,
     or critical physical evidence – that was not presented at
28

1    **B.    Any  Further  Frivolous  Filings  That  Ignore  This  Court's**

2    **Prior  Rulings  May  Result  In  Sanctions  Or  A  Recommendation**

3    **That  Petitioner  Be  Deemed  A  Vexatious  Litigant**

4

5    Petitioner  has  now  filed  eleven  separate  petitions  in  this

6    Court,  each  time  with  the  same  result.   The  Court  has  explained

7    that  it  does  not  have  jurisdiction  to  hear  Petitioner's

8    successive  petitions  absent  authorization  from  the  Ninth  Circuit.

9    However,  Petitioner  has  proved  unwilling  to  heed  this  warning.

10   Therefore,  Petitioner  is  advised  that  any  future  filings  in  the

11   Central  District  that  ignore  the  Court's  prior  rulings  may  result

12   in  the  imposition  of  sanctions  against  him  or  the  recommendation

13   that  he  be  deemed  a  vexatious  litigant.

14

15                                **VI.**

16                            **CONCLUSION**

17

18   For  the  foregoing  reasons,  the  instant  Petition  is  DENIED

19   and  this  action  is  DISMISSED  without  prejudice  for  lack  of

20   jurisdiction.

21

22   DATED:   December 27, 2013

23                                    /S/
                                 SUZANNE H. SEGAL
24                               UNITED STATES MAGISTRATE JUDGE

25   _____
     trial[]"  demonstrating  "it  is  more  likely  than  not  that  no
26   reasonable  juror  would  have  convicted  him  in  the  light  of  the  new
     evidence."  Lee v. Lampert,  653  F.3d  929,  938  (9th  Cir.  2011)
27   (internal  quotation  marks  omitted)  (quoting  Schlup v. Delo,  513
     U.S.  298,324,  327,  115  S.  Ct.  851,  130  L.  Ed.  2d  808  (1995)).
28   Accordingly,  the  instant  Petition  is  untimely.

                                13